UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                      CASE NO: 2:05-cr-34-FtM-29CM

DONALD J. DEVERSO

### OPINION AND ORDER

This matter comes before the Court on defendant's untitled letter motion for relief from judgment (Doc. #189) filed on March 17, 2015. The motion was taken under advisement pending a response, and the government filed a Response in Opposition (Doc. #191) on April 27, 2015. Defendant sought leave to reply, and filed a letter reply (Doc. #196) on June 1, 2015, an Addendum to Petitioner's Motion From Judgment & Review of Sentence (Doc. #197) on June 25, 2015, and a second Addendum to Petitioner's "Letter Motion" (Doc. #199) on October 2, 2015. On February 6, 2017, defendant also filed a Motion to Rule (Doc. #207) asking for a ruling, or in the alternative, for the appointment of counsel.

The underlying procedural history, as well as the facts established at trial are a matter of record. See United States v. Deverso, 518 F.3d 1250, 1253-54 (11th Cir. 2008); Deverso v. United States, No. 2:05-CR-34-FTM-29, 2011 WL 550205, at *1, 4-5 (M.D. Fla. Feb. 9, 2011). Defendant's conviction and sentence were both affirmed on direct appeal. (Doc. #173.) Of particular

relevance, the Eleventh Circuit found: (1) that defendant could not "show error, let alone plain error, warranting a new trial due to the district court's admission of the birth certificate into evidence"; and (2) that knowledge of age is not an element of the offense under 18 U.S.C. § 2251, and therefore defendant was not entitled to a mistake of age jury instruction. United States v. Deverso, 518 F.3d 1250, 1256, 1257 (11th Cir. 2008).

On February 9, 2011, the Court issued an Opinion and Order (Doc. #185) denying petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody as to all claims. On December 21, 2011, the Eleventh Circuit denied a certificate of appealability for the following stated reasons:

> Deverso failed to show that his attorney rendered ineffective assistance of counsel for any of the reasons articulated in his § 2255 motion. Deverso's attorney had no valid grounds for moving to dismiss the indictment because the statutes under which Deverso was charged are constitutional, the counts in the indictment did not violate Deverso's double jeopardy rights, the trial court had jurisdiction to convict Deverso, venue was proper, and there was no Speedy Trial Act violation. Deverso's claims alleging that his attorney should have made various objections and presented a defense based on an argument that the government was required to prove that Deverso knew that the victim in regard to Count Three was a minor is also without merit. Defense counsel did, in fact, make such an argument in the district court, and this Court held in Deverso's direct appeal that mistake of fact as to age was not a valid

defense in this case for Count Three. See United States v.Deverso, 518 F.3d 1250, 1257 (11th Cir. 2008).

The district court also correctly denied Deverso's allegations that his counsel was ineffective for failing to properly challenge certain evidentiary rulings. He did not show that any motion to suppress evidence filed by his attorney would have been both successful and resulted in him being acquitted. Deverso also failed to show that any challenge to an inmate's testimony, on grounds that it violated 18 U.S.C. § 201(c)(2), would have been successful. Deverso's argument regarding his counsel's failure to object to the admission of a birth certificate is contradicted by the record, which shows that counsel did object to the admission of the birth certificate on the ground that it was an incomplete document. Furthermore, on direct appeal, this Court held that the government properly met the requirements to authenticate the document as a foreign public document, thus making it admissible pursuant to Fed. R. Evid. 902(3). Deverso, 518 F.3d at 1256.

Deverso's remaining ineffective-assistance-of-counsel claims are also without merit. Because Deverso's initially retained attorney had previously represented a witness who would be called to testify against Deverso at his trial, the attorney had an actual conflict of interest, and Deverso did not have a constitutional right to be represented by the retained attorney. See United States v. Campbell, 491 F.3d 1306, 1310 (11th Cir. 2007). Deverso's allegations regarding his counsel's ineffectiveness at sentencing are contradicted by the record, which shows that counsel argued that Deverso should receive a downward departure, a below-guideline sentence, and a sentence below the statutory minimum, made numerous objections to the presentence investigation report, and objected to the reasonableness of Deverso's sentence once it was imposed.

> The district court correctly determined that Deverso's prosecutorial misconduct claims were procedurally defaulted, or alternatively, without merit and unsupported by the record. The court also did not err in denying Deverso's motion to disqualify the district court judge because Deverso failed to state a valid basis for a bias or partiality motion. See Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994). Finally, the district court did not err in denying Deverso's request for discovery and an evidentiary hearing because all of his claims could be resolved without the necessity of a hearing, given that all of his arguments were meritless or contradicted by the record. See Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002).

(2:09-cv-660-FTM-29SPC, Doc. #40.)

Over two years later, petitioner sought relief from judgment pursuant to Fed. R. Civ. P. 60(b). (Doc. #187.) On September 23, 2013, the Court issued an Order (Doc. #188) finding no jurisdiction under Federal Rule of Civil Procedure 60(b) in a criminal case, and denying such relief to the extent sought as to the civil habeas case. The Court also noted no authority to consider a successive petition under 28 U.S.C. § 2255. On October 28, 2013, defendant's Motion under 28 U.S.C. § 2241 was denied as none of the claims were found to be cognizable under § 2241. Deverso v. Sepanek, No. CIV.A. 0:13-53-HRW, 2013 WL 5797859, at *3 (E.D. Ky. Oct. 28, 2013), aff'd (Aug. 1, 2014).

Defendant has extensively exhausted all possible avenues of relief; and he is currently raising issues that have been addressed

- 4 -

and rejected, some repeatedly, by both the undersigned and the Eleventh Circuit, and/or are otherwise foreclosed because defendant has not been authorized to pursue a successive petition under § 2255. This includes defendant's argument of: (1) an unreasonable sentence (Doc. #185, § J); (2) fraudulent inducement (id., § F); (3) an illegal search (id., § A); (4) mistake of age (id., § B); and (5) representation by counsel that was not of his choosing because counsel was permitted to withdraw (id., § G). The Court finds no jurisdictional basis to reconsider the arguments raised in defendant's motion.

To file a second or successive Motion under Section 2255, petitioner must obtain certification from the Eleventh Circuit Court of Appeals. 28 U.S.C. § 2255(h)[1]; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011), cert. denied, 132 S. Ct. 1001 (2012). Petitioner has not indicated that such certification

---

[1] Section 2255(h) provides that a second or successive motion must be certified to contain:

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

was received, and in the absence of an order authorizing the undersigned to consider a second or successive motion, the current Motion must be dismissed for lack of jurisdiction.  <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003); <u>El-Amin v. United States</u>, 172 F. App'x 942, 946 (11th Cir. 2006).

Accordingly, it is hereby

**ORDERED:**

1. Defendant's untitled letter motion for relief from judgment (Doc. #189) is **DISMISSED** for lack of jurisdiction.

2. Defendant's Motion to Rule (Doc. #207) is **DENIED** as moot.

**DONE and ORDERED** at Fort Myers, Florida, this __9th__ day of February, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record