UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                             CASE NO: 2:05-cr-34-FtM-29CM

DONALD J. DEVERSO

_____

## ORDER ON REMAND

This matter comes before the Court on a limited remand from the Eleventh Circuit to determine whether Mr. Deverso is entitled to a reopening of the appeal period under Rule 4(a)(6). (Doc. #219.)

On July 18, 2017, appellant Donald J. Deverso filed a Motion to Appeal (Doc. #214) seeking to appeal the Court's February 9, 2017[1], Opinion and Order (Doc. #208) dismissing his untitled letter motion for relief from judgment for lack of jurisdiction. The docket reflects that a copy of the February 9, 2017, Opinion and Order was mailed to Mr. Deverso on February 13, 2017. On February 27, 2017, Mr. Deverso placed a Motion for Reconsideration (Doc. #209) in the mail, which motion was filed with the Clerk on March 6, 2017. The request for reconsideration was denied the next day on March 7, 2017. (Doc. #210.) The docket does not reflect that a copy of this March 7, 2017 Order was mailed to Mr. Deverso.

---

[1] Mr. Deverso states that his March 10, 2015 motion was denied on February 10, 2017, however the correct date is February 9, 2017. There are no entries on the docket for February 10, 2017.

Mr. Deverso's Motion to Withdraw Motion for Reconsideration (Doc. #211) dated March 1, 2017, but placed in the U.S. Mail on June 2, 2017, was filed with the Clerk on June 5, 2017. Mr. Deverso sought to withdraw his previously filed Motion for Reconsideration because he "realize[d] that this Court will continue its criminal, corrupt practices on avoidness [sic] and manipulation [sic] of the facts and issues to deny Petitioner his Constitutional Rights." (Doc. #211, p. 1.) On June 6, 2017, the motion was denied as moot by Endorsed Order (Doc. #212) because the Court had already ruled upon the motion in the Order dated March 7, 2017. (Doc. #210.)

On June 6, 2017, the Court directed the Clerk to provide a copy of the Court's March 7, 2017 Order (Doc. #210) with a copy of the Endorsed Order (Doc. #212) to Mr. Deverso because there was no record on the docket that the March 7, 2017 Order had reached Mr. Deverso, and no indication in his motion to withdraw acknowledging that he had received a copy of that March 7, 2017, Order. On June 14, 2017, Mr. Deverso placed a letter inquiry to the Clerk of Court in the mail stating that he received the March 7, 2017 Order on June 12, 2017, and questioning why the delay had occurred in receiving the Order. The letter was directed to be docketed for the record, but was not treated as a motion to the Court for relief.

Mr. Deverso's Motion to Appeal (Doc. #214) dated June 23, 2017, was filed in the District Court on July 18, 2017. Therein Mr. Deverso set forth the argument that he should not be penalized for the untimely mailing of the Court's Order. (Doc. #214-1, p. 2.) On July 19, 2017, the Court issued an Order (Doc. #217) finding that the appeal was not being taken in good faith for the reasons stated in the February 9, 2017 Opinion and Order, but noting Mr. Deverso's argument that the delay in receiving orders of the Court should not impact the timeliness of his appeal. (Doc. #217, p. 1 n.1.) The Court otherwise made no determinations on the timeliness issue at that time.

In a civil case[2], the Notice of Appeal must be filed within 30 days after entry of the order being appealed from. Fed. R. App. P. 4(a)(1)(A). An appeal by an inmate confined in an institution is entitled to the benefit of the date the document is deposited in the institution's internal mail system when accompanied by a postmark or date stamp. Fed. R. App. P. 4(c). The mailing envelopes of inmates are scanned and filed on the docket, and the Motion for Appeal bears the date of June 23, 2017.[3]

---

[2] Although the relevant Orders were issued in the underlying criminal case because the motions were filed in the criminal case file, the orders all relate back to the associated § 2255 case, 2:09-cv-660-FTM-29SPC.

[3] The Motion to Appeal was originally sent to the Eleventh Circuit and received by the Clerk of the Eleventh Circuit on June 29, 2017. (Doc. #214-1.) Pursuant to Fed. R. App. P. 4(d), the notice of appeal is deemed filed as of June 23, 2017, even if not

As noted by the Eleventh Circuit, on its face, the appeal is untimely from the February 9, 2017, Opinion and Order, and March 7, 2017, Order.  Under Rule 4(a)(6),

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)[4] of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

---

entered on the district court docket until July 18, 2017.

[4] Rule 77(d) provides as follows:

> (d) Serving Notice of an Order or Judgment.
>
> (1) *Service.* Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).
>
> (2) *Time to Appeal Not Affected by Lack of Notice.* Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

Fed. R. Civ. P. 77(d).

> **(C)** the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). The Court finds that all three conditions are met. Based on a review of the docket, and having conferred with the Clerk's Office, the Court finds that Mr. Deverso did <u>not</u> receive notice within 21 days of the March 7, 2017, Order, and the Clerk did not record service on the docket before June 6, 2017. Mr. Deverso mailed a letter to the Clerk regarding the delay within one week of receiving a copy of the March 7, 2017 Order. Mr. Deverso also filed his Motion to Appeal, construed by the Eleventh Circuit as a motion to reopen the appeal period, within 14 days of the date he actually received notice (June 12, 2017[5]), which date is also well within 180 days of the entry of the March 7, 2017 Order. The Court finds no prejudice to any party if the appeal is reopened.

Accordingly, it is hereby

**ORDERED:**

1. The undersigned would conclude that Mr. Deverso is entitled to a reopening of the appeal period under Rule 4(a)(6). The Clerk shall return the case, as supplemented by this Order on Remand, to the Eleventh Circuit for further proceedings.

---

[5] <u>See</u> (Doc. #213, p. 1.)

2. The Clerk shall mail a copy of this Order on Remand to Mr. Deverso and make the appropriate notation on the docket confirming that a copy was mailed.

**DONE and ORDERED** at Fort Myers, Florida, this ___15th___ day of September, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
USCA (#17-13237)
Counsel of Record